PAUL B. SNYDER
United States Bankruptcy Judge
1717 Pacific Ave, Suite 2209
Tacoma, WA 98402

✓ FILED
____LODGED
____RECEIVED

**September 11, 2007**

MARK L. HATCHER
CLERK U.S. BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA
_____DEPUTY

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF WASHINGTON AT TACOMA**

In re:

MICHAEL and CAROL KAIN,

        Debtor.

Case No. 07-40922

**MEMORANDUM DECISION**

**NOT FOR PUBLICATION**

This matter is before the Court on the Objection to Confirmation of Second Amended Chapter 13 Plan filed by eCAST Settlement Corporation (eCAST). After eCAST filed its objection, Michael and Carol Kain (Debtors) filed their Third Amended Plan, which did not resolve the issues raised in eCAST's Objection and which eCAST addressed in its Brief in Support of Objection to Confirmation of Chapter 13 Plan, filed June 1, 2007. On August 3, 2007, the Debtors filed their Fourth Amended Plan. While the computations in this Plan vary slightly from the Third Amended Plan, they remain effectively the same for purposes of eCAST's objection to confirmation. Therefore, for eCAST's objection, the Court will consider the most recent computations set forth in the Debtors' Fourth Amended Plan. Based on the pleadings and arguments presented, the Court's findings of fact and conclusions of law are as follows:

MEMORANDUM DECISION - 1

# FINDINGS OF FACT

After eCAST and the Debtors filed their original pleadings and briefs on the confirmation issues, the Court granted these parties, as well as the Chapter 13 Trustee, time to file additional pleadings on the issues. The Debtors and eCAST have relied on their prior pleadings, while the Chapter 13 Trustee filed a brief on August 2, 2007.

The facts of this case are not in dispute. The Debtors filed a petition for relief under Chapter 13 on March 27, 2007. The Debtors are married with two dependent children. According to their Amended Form B22C, the Debtors' Current Monthly Income is $12,383.33, and their annualized Current Monthly Income is $148,599.96. The Debtors' annualized Current Monthly Income exceeds the median income for a household size of four in Washington State, which is $74,432.00. The Debtor's Fourth Amended Plan proposes payments of $6,217.00 per month over an applicable commitment period of 60 months.

EMC Mortgage Corporation (EMC), which is a creditor secured on the Debtors' residential property in Puyallup (Property), filed a proof of claim indicating a secured debt of $362,522.10. Principal and interest payments due EMC total $3,207.00 per month. The proof of claim lists a prepetition arrearage for EMC in the amount of $19,367.21, and the Debtors propose payments of $516.00 per month on this arrearage.

Homecomings Financial, LLC, (Homecomings) is also secured on the Debtors' Property and filed a proof of claim indicating a secured debt of $105,758.97. Principal and interest payments due Homecomings total $1,000.06 per month. The proof of claim lists a prepetition arrearage for Homecomings in the amount of $6,695.36, and the Debtors propose payments of $176.54 per month on this arrearage.

Pierce County Treasurer, also secured on the Debtors' Property, filed a proof of claim indicating delinquent property taxes for 2006 and 2007 in the amount of $8,804.16. The Debtors propose payments of $263.25 per month on this debt.

Thus, the total secured obligations on Debtors' Property are $477,085.23, while the scheduled Property value is $443,824.00, leaving no equity. Pursuant to the Fourth Amended Plan, the monthly mortgage payments total $4,207.06, the monthly mortgage arrears payments total $692.54, and all of the monthly real property debt payments together total $5,162.85. The Internal Revenue Service's Local Housing and Utilities Standard for a family of four in Pierce County, Washington provides for $1,318 monthly for mortgage/rent.

The Debtors indicate in Amended Schedule J that additional monthly housing related expenses total $570.00, which includes electricity and heating, water and sewer, garbage, home maintenance, and insurance. The applicable IRS Standard provides for $463 monthly for non-mortgage expenses.

Objecting creditor eCAST holds unsecured claims against the Debtors totaling $37,086.69, which according to eCAST amount to approximately 23% of Debtors' scheduled unsecured nonpriority debt. The Fourth Amended Plan proposes a 13% dividend to unsecured creditors, paying $21,509.34 over the life of the Plan.

**CONCLUSIONS OF LAW**

eCAST objects to confirmation of the Debtors' Plan because it fails to apply all of the projected disposable income to payments to unsecured creditors during the Applicable Commitment Period, as required by 11 U.S.C. § 1325(b)(1)(B), due to excessive and unreasonably high housing expenses. The primary argument by eCAST is that the

MEMORANDUM DECISION - 3

Bankruptcy Code clearly limits the Debtors to the IRS Standard housing expense, in accordance with 11 U.S.C. § 707(b)(2)(A)(ii).

The Debtors argue, and the Trustee concurs, that pursuant to 11 U.S.C. § 707(b)(2)(A)(iii)(I), the Debtors are authorized to deduct their entire contractually due residential mortgage debts, without regard to the IRS Standard housing expense, and need not engage in a reasonable and necessary analysis. The Court agrees.

The Court finds persuasive, and hereby adopts, the analysis and conclusions set fort in In re Edmonson, -- B.R. --, 2007 WL 2033991 (Bankr. D. N.M. July 11, 2007). In Edmonson, the objecting creditor to the above-median income debtors' plan was also eCAST. Based on a summary of eCAST's arguments as set forth in that case, it appears that eCAST has made the same objections and arguments regarding the Debtors' housing expenses in this case as in Edmonson. Edmonson, 2007 WL 2033991, at *2. The Edmonson court rejected eCAST's arguments and concluded that "'[t]he ability to deduct the average monthly payments on secured debt is separate and distinct from the ownership expenses' under the IRS Standards." Edmonson, 2007 WL 2033991, at *3 (quoting In re Carlton, 362 B.R 402, 410 (Bankr. C.D. Ill. 2007), reconsideration denied, -- B.R. --, 2007 WL 1746819 (Bankr. C.D. Ill. June 18, 2007)). Thus, the Debtors are authorized to deduct their contractually due secured payments for their residence in accordance with 11 U.S.C. § 707(b)(2)(A)(iii), even though the IRS Standard housing expense is limited to $1,318 per month.

This conclusion is further supported by Bankruptcy Judge Eugene R. Wedoff in Means Testing in the New § 707(b), 79 Am. Bankr. L.J. 231, 274-75 (2005), as well as by other authors on the subject, Marianne B. Culhane & Michaela M. White, Catching Can-Pay Debtors: Is the Means Test the Only Way?, 13 Am. Bankr. Inst. L. Rev. 665, 676 (2005).

According to these authorities, after the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA), a court has no authority to question the reasonableness and necessity of secured debt that is contractually due for an above-median income debtor. See also, In re Austin, -- B.R.--, 2007 WL 2264062, at *11 (Bankr. D. Vt. Aug. 7, 2007). 11 U.S.C. § 707(b)(3), which would allow the Court to consider the totality of the circumstances in reviewing for abuse, was not included in 11 U.S.C. §1325(b) so it is not applicable to Chapter 13 cases. eCAST has provided no authority on point to the contrary. In re Loper, 367 B.R. 660 (Bankr. D. Colo. 2007), cited by eCAST, is neither controlling nor persuasive. This pre-BAPCPA case analyzed a debtor's mortgage expense using the reasonable and necessary analysis, which is not applicable post-BAPCPA to an above-median income debtor for contractually due secured debts. Furthermore, any suggestion by the Loper court that a post-BAPCPA debtor's mortgage expense would be capped by the IRS Standard housing expense is merely dicta, and thus merely an "individual view of [the] author of opinion and not binding in subsequent cases as legal precedent." Black's Law Dictionary 454 (6th ed. 1990).

The arrearage payments proposed by the Debtors in their Plan, however, fall under 11 U.S.C § 707(b)(2)(A)(iii)(II), which authorizes a debtor to deduct average monthly payments for "any additional payments to secured creditors necessary for the debtor . . . to maintain possession of the debtor's primary residence . . . for the support of the debtor and the debtor's dependents, that serves as collateral for secured debts." This deduction is "expressly limited to cure payments necessary to retain possession of a few crucial assets like a principal residence and motor vehicle needed for the debtors and dependents." Culhane & White, supra, page 4, at 676; see also, Wedoff, supra, page 4, at 274-75. It appears that there has been no contention that the Debtors' arrearage payments on the home mortgages are not

necessary for the Debtors to maintain possession of their residence for the support of themselves and their dependents. The Court concludes such payments are necessary under the standard set forth in § 707(b)(2)(A)(iii)(II).

eCAST's objection to confirmation based on the Debtors' secured housing expenses is overruled. The Court, however, does not make any ruling regarding the Fourth Amended Plan, as it appears the Trustee and others have not had an opportunity to otherwise object to this latest plan.

DATED: September 11, 2007

*Paul B. Snyder*
_____
Paul B. Snyder
U.S. Bankruptcy Judge

MEMORANDUM DECISION - 6

Case 07-40922-PBS    Doc 46    Filed 09/11/07    Ent. 09/11/07 10:06:15    Pg. 6 of 6